**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4662**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK LAMONT DIXON, JR.,

Defendant - Appellant.

**No. 22-4663**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK LAMONT DIXON, JR., a/k/a Smacc,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00560-WO-1; 1:21-cr-00159-WO-1)

Submitted:  July 29, 2024                              Decided:  August 1, 2024

Before NIEMEYER and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

No. 22-4662, affirmed; No. 22-4663, dismissed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Brian Michael Aus, Durham, North Carolina, for Appellant.  JoAnna Gibson McFadden, Assistant United States Attorney, Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Dixon, Jr., pled guilty, pursuant to plea agreements, to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. §§ 1962(d), 1963(a), and commission of a violent crime in aid of racketeering, in violation of 18 U.S.C. §§ 2, 1959(a)(1) ("the RICO and VICAR case"), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) ("the firearm case"). The district court sentenced Dixon to concurrent terms of life imprisonment in the RICO and VICAR case, a concurrent term of 120 months' imprisonment in the firearm case, and concurrent supervised release terms of three years (in the firearm case) and five years per count (in the RICO and VICAR case). Dixon timely appealed the criminal judgments that issued in both cases. Appeal No. 22-4662 is the appeal in the firearm case, and appeal No. 22-4663 is the appeal in the RICO and VICAR case.

On appeal, Dixon's counsel filed a single brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as issues for review whether the district court had subject matter jurisdiction in the RICO and VICAR case and plainly erred in that case by imposing the concurrent terms of life imprisonment. Dixon was informed of his right to file a pro se supplemental brief, but he has not done so. Invoking the appeal waiver in Dixon's plea agreement in the RICO and VICAR case, the Government moves to dismiss appeal No. 22-4663. Dixon's counsel has responded to the motion.

Pursuant to a plea agreement, a defendant may waive his appellate rights. *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). Where, as here, the Government seeks

3

enforcement of an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver to preclude an appeal of a specific issue if the waiver is valid and the issue falls within the scope of the waiver. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). Whether a defendant validly waived his right to appeal is a question of law we review de novo. *Id.* The validity of an appeal waiver depends on whether the defendant knowingly and voluntarily waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). To determine whether a waiver is valid, we examine "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *Id.* (internal quotation marks omitted). "Generally . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver," the waiver is both valid and enforceable. *Id.* (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that Dixon knowingly and voluntarily waived his rights to appeal his "conviction and sentence on any ground" in the RICO and VICAR case. The challenges to Dixon's convictions and sentences counsel raises for review fall squarely within the scope of Dixon's valid waiver of appellate rights in that case.

In accordance with *Anders*, we also have reviewed the remainder of the record in both cases and have found no meritorious grounds for appeal. In appeal No. 22-4663, we grant the Government's motion and dismiss that appeal. In appeal No. 22-4662, we affirm

4

the criminal judgment.  This court requires that counsel inform Dixon, in writing, of the right to petition the Supreme Court of the United States for further review.  If Dixon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Dixon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 22-4662, AFFIRMED*;
*No. 22-4663, DISMISSED*